**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE ) <br> COUNCIL OF ROOFERS HEALTH AND ) <br> WELFARE FUND and TRUSTEES OF ) <br> THE UNITED UNION OF ROOFERS, ) <br> WATERPROOFERS AND ALLIED WORKERS, ) <br> LOCAL UNION NO. 2 SUPPLEMENTAL ) <br> PENSION FUND, ) <br>     Plaintiffs, ) <br> ) <br>     v.                                                                  ) <br> ) <br> CMT ROOFING, LLC, ) <br>     Defendant. ) | CAUSE NO.: 4:16-CV-87-JPK |

## OPINION AND ORDER

This matter is before the Court on a Motion to Approve Consent Judgment [DE 39], filed by the parties on February 15, 2019. Having stipulated and agreed to the terms of a Consent Judgment based on a Settlement Agreement they entered into in May 2018, the parties now ask the Court to approve and enter their proposed Consent Judgment.

### BACKGROUND

On October 31, 2016, Plaintiffs filed this lawsuit against Defendant to recover delinquent fringe benefit contributions and other amounts owed by Defendant to Plaintiffs.

The proposed Consent Judgment explains in several introductory "whereas" clauses that, based on documentation produced by Defendant during the course of the lawsuit, it was determined that Defendant owed Plaintiffs $54,489.54 in contributions to the Health and Welfare Fund and $32,346.62 in contributions to the Local No. 2 Supplemental Pension Fund. The proposed Consent Judgment represents that, in May 2018, the parties entered into a Settlement Agreement to resolve the amounts owed by Defendant.

The proposed Consent Judgment then explains that, under the terms of the Settlement Agreement, Defendant is to repay the full amount of contributions owed to Plaintiffs, subject to the following terms: (1) an initial payment of $17,681.95; (2) 23 consecutive monthly installments of $2,881.32, and (3) a final monthly installment of $2,881.32. As of February 14, 2019, Defendant had paid $40,733.39 toward the total amount owed of $86,836.16.

After setting out these facts, the proposed Consent Judgment has the Court enter judgment against Defendant and in favor of Plaintiffs in the amount of $46,102.77—the remaining amount owed by Defendant under the Settlement Agreement.

The proposed Consent Judgment then provides that "the Court retains jurisdiction of this matter pending compliance with the Court's orders," which is followed by this final paragraph:

> Plaintiffs agree to accept and Defendant to pay the amount of this judgment pursuant to the payment terms of the parties' Settlement Agreement, *the terms of which are incorporated by reference herein*. Plaintiffs shall take no action in furtherance of executing upon this Judgment unless and until Defendant fails to make the monthly payments as specified in the parties' Settlement Agreement. Plaintiffs further agree to give Defendant notice and an opportunity to cure a failure to make a monthly payment before taking action to execute upon the judgment, with such cure period to be no less than seven days.

(emphasis added). The parties have not filed a copy of the Settlement Agreement.

## ANALYSIS

In the instant motion, the parties ask the Court to enter their proposed Consent Judgment, which is based on the parties' Settlement Agreement and which would enter a judgment in the amount of the total remaining payments owed by Defendant under the Settlement Agreement. "The law generally favors and encourages settlements." *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980) (citing *Airline Stewards and Stewardesses Ass'n v. Am. Airlines, Inc.*, 573 F.2d 960, 963 (7th Cir. 1978); *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979)); *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005).

A consent judgment is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A consent judgment is a final judgment on the merits and prevents relitigation of the underlying claim. *Arizona v. California*, 530 U.S. 392, 414 (2000); *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988). A court has the authority to enforce a consent judgment through its contempt power. *Spallone v. United States*, 493 U.S. 265, 276 (1990); *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985).

However, before entering a consent judgment proposed by parties, the court must satisfy itself "that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of the third parties, and is an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338 (considering a proposed consent decree intended to reduce the number of ghost voters in City of Chicago elections); *see also NLRB v. Brooks Indus., Inc.*, 867 F.2d 434, 436 (7th Cir. 1989); *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986); *Metro. Life Ins. Co. v. Hanni*, No. 1:17-CV-80, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) (citing *Kasper*, 814 F.2d at 338).

In this case, the parties generally followed the proper procedure by filing a motion, and, from the information contained in the "whereas" clauses of the proposed Consent Judgment, it appears that the proposed decree may be consistent with the Constitution and laws, would not undermine the rightful interest of third parties, and would be an appropriate commitment of the Court's resources, given the simple nature of the payments. However, for several reasons, the Court denies the motion without prejudice and with leave to refile.

First, the motion itself does not argue why the Court should enter the proposed Consent Judgment nor does it address the three considerations set forth in *Kasper*. It is not enough that the proposed Consent Judgment contains information that would help the Court decide whether to

issue the Consent Judgment. Instead, a refiled agreed motion for the entry of a consent judgment must at least briefly explain why the judgment is consistent with the Constitution and laws, would not harm the rightful interest of third parties, and is an appropriate commitment of Court resources. *See Kasper*, 814 F.2d at 338.

Second, the parties' proposed Consent Judgment was not attached as an exhibit to the instant motion; it was only emailed to the Court. Pursuant to the CM/ECF User Manual, the proposed Consent Judgment should be attached as an exhibit to the motion as well as emailed to the Court.

Third, the proposed Consent Judgment includes a statement that "the Court retains jurisdiction of this matter pending compliance with the Court's orders." This language is unnecessary because "when a court issues an injunction, it automatically retains jurisdiction to enforce it." *United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988) (characterizing provision in consent decree retaining enforcement jurisdiction as "superfluous"); *see also Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994)). This language should be omitted from the proposed Consent Judgment.

Finally, and most importantly, the terms of the parties' Settlement Agreement are "incorporated by reference" in the proposed Consent Judgment. This is impermissible under Federal Rule of Civil Procedure 65(d), which requires that every order granting an injunction must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail—and *not by referring to the complaint or other document*—the act or acts restrained or required." Fed. R. Civ. P. 65(d) (emphasis added). Thus, a consent judgment must set forth all the enforceable terms. *Blue Cross & Blue Shield Ass'n*, 467 F.3d at 636 (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction and must satisfy Rule

4

65(d)); *see also Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents"); *Lynch, Inc.*, 279 F.3d at 489 ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract."); *N. Am. Specialty Ins. Co. v. Abden Corp.*, 4:16-CV-4064, 2016 WL 6902108, at *1-2 (C.D. Ill. Nov. 23, 2016) (recognizing that compliance with Rule 65(d) is required when a court enforces a settlement agreement pursuant to its original source of jurisdiction (citing *Blue Cross & Blue Shield Ass'n*, 467 F.3d at 638)). The Seventh Circuit Court of Appeals has insisted on strict compliance with the requirements of Rule 65(d). *See United States v. Apex Oil Co., Inc.*, 579 F.3d 734, 739–40 (7th Cir. 2009) (citing cases).

Here, it is unclear whether all the terms of the parties' Settlement Agreement that they intend for the Court to enforce have been expressly included in the Court's order in the proposed Consent Judgment. For example, the fourth "whereas" paragraph of the proposed Consent Judgment provides the specific terms of Defendant's repayment of the unpaid contributions as agreed upon in the Settlement Agreement; however, these payment terms are not ordered by the Court as part of the judgment in the proposed Consent Judgment.

Moreover, the concluding paragraph of the proposed Consent Judgment provides: "Plaintiffs agree to accept and Defendant to pay the amount of this judgment pursuant to the payment terms of the parties' Settlement Agreement, *the terms of which are incorporated by reference herein*." (emphasis added). Thus, it is unclear whether there are additional terms of the Settlement Agreement that are not included in the proposed Consent Judgment but that may be necessary for enforcement of the settlement agreement.

Any refiled proposed Consent Judgment must itself contain, as part of the Court's "order" within the proposed Consent Judgment, all the terms of the Settlement Agreement that the parties intend to be enforced by the Court. It is not sufficient to file the Settlement Agreement on the docket or to attach the Settlement Agreement to the proposed Consent Judgment. All terms must be contained within the proposed Consent Judgment itself.

Because "the voluntary nature of a consent decree is its most fundamental characteristic" and because "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all," the Court will not redraft the proposed Consent Judgment to remedy these defects. *See Local No. 93*, 478 U.S. at 521–23. The parties must make the revisions, if so desired, to ensure that the parties' agreement is embodied in the judgment.

## CONCLUSION

Based on the forgoing, the Court hereby **DENIES without prejudice** the Motion to Approve Consent Judgment [DE 39].

The Court **ORDERS** that the parties are granted leave to file, if appropriate, an Amended Motion to Approve Consent Judgment that complies with this Opinion and Order.

In the alternative, the parties may file a Stipulation of Dismissal with prejudice, in which case the Court would not retain jurisdiction to enforce the Settlement Agreement and the Settlement Agreement would be enforceable as a contract. Or, the parties may pursue some other resolution of this matter consistent with the parties' agreement.

SO ORDERED this 28th day of February, 2019.

                s/ Joshua P. Kolar
                MAGISTRATE JUDGE JOSHUA P. KOLAR
                UNITED STATES DISTRICT COURT